UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDWARD MITCHELL, et al. | No. 20 CR 455<br><br>Judge Steven C. Seeger |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the unopposed motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. Certain materials disclosed or to be disclosed by the government contain particularly sensitive information, including nonparty names, addresses, dates of birth, social security numbers, financial information, and other identifying information. These materials shall be plainly marked as sensitive by the government prior to disclosure. No such sensitive materials, or the information contained therein, may be disclosed to any persons other than defendants, counsel for defendants, persons employed by counsel to assist with the defense, or the person to whom the sensitive information solely and directly pertains, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"), without prior notice to the government and authorization from the Court.

2. A party seeking to use sensitive materials in a public filing must first seek permission from the Court to submit the sensitive materials under seal (except if defendant chooses to include in a public document sensitive materials relating solely and directly to defendant). No documents may be filed under seal absent a motion, filed and noticed for hearing prior to the due date of the particular filing, showing good cause for sealing a portion of the

record in the case, unless both the government and defense counsel agree that an unopposed order seeking to file a document under seal be submitted to the Court.

3. Defendants, defendants' counsel, and authorized persons shall not copy or reproduce the sensitive materials except in order to provide copies of the sensitive materials for use in connection with this case by defendants, defendants' counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original sensitive materials.

4. Defendants, defendants' counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the sensitive materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original sensitive materials.

5. Before providing sensitive materials to an authorized person, defendants' counsel must provide the authorized person with a copy of this Order and require the authorized person to sign a statement acknowledging that the authorized person has received a copy of and reviewed this Order, and has agreed to be bound by its terms and conditions subject to sanctioning by the Court for any violations of this Order. Defendants' counsel shall maintain a copy of the signed statement of each authorized person for a period of twelve months after the conclusion of all stages of this case, and shall provide copies of the signed statement of each authorized person to the government upon request.

6. Upon conclusion of all stages of this case, all of the sensitive materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The sensitive materials may be: (a) destroyed; (b) returned to the United States; or (c) retained in defense counsel's case file. The Court may require a certification as to the

disposition of any such sensitive materials. In the event that the sensitive materials are retained by defendants' counsel, the restrictions of this Order continue in effect for as long as the sensitive materials are so maintained, and the sensitive materials may not be disseminated or used in connection with any other matter without further order of the Court.

7. To the extent any sensitive material is produced by the government to defendants or defendants' counsel by mistake ("inadvertently disclosed material"), the government shall have the right to request the return of inadvertently disclosed sensitive material and shall do so in writing. Within five days of the receipt of such a request, defendants and/or defendants' counsel shall either (a) return all such inadvertently disclosed sensitive material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified inadvertently disclosed sensitive material have been deleted from any location in which the inadvertently disclosed material was stored; or (b) sequester all copies of the inadvertently disclosed sensitive material and petition the Court under seal to retain access to the inadvertently disclosed sensitive material. Defendants and/or defendants' counsel shall not use or disclose the inadvertently disclosed sensitive material until such petition is resolved.

8. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defendant's counsel in the use of discovery materials in judicial proceedings in this case.

9. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

Date: October 2, 2020

Steven C. Seeger
United States District Judge